# Shelton's Adm'r *v.* Poulson's Adm'r.

*Settlement of Insolvent Estate ; Contest between Creditors.*

1.  *Filing claim against insolvent estate.*—When a claim against an insolvent estate is filed in the Probate Court, properly verified, after the report, but before the declaration of insolvency, this is a sufficient filing.

APPEAL from the Circuit Court of Jackson.

The record does not show the name of the presiding judge.

In the matter of the final settlement and distribution of the insolvent estate of Joseph Phillips, deceased, which was reported insolvent, by John Phillips, the administrator, on the 10th June, 1874, and regularly declared insolvent by the Probate Court on the 8th March, 1875; and against which claims were filed by John A. Shelton, as the administrator of the estate of William L. Shelton, deceased, and by Samuel Rorex, as the administrator of the estate of Lucy Poulson, deceased. The claim in favor of Shelton's estate, which was a decree rendered by said Probate Court on the 10th June, 1874, was properly verified by the oath of the administrator, and was indorsed by the probate judge, "Filed October 4, 1874." The administrator of Mrs. Poulson's estate filed written objections to the allowance of this claim, because, among other reasons, "the same was not properly filed and verified within nine months after the declaration of insolvency of said estate." The Probate Court overruled the objections, and allowed the claim ; "being of the opinion," as the bill of exceptions recites, "and so ruling and holding, that said claim had been filed in this court, as a claim against said insolvent estate, and all the while, since the time of said filing and docketing, had remained in said court, or on file with the papers of said estate, the same having never been withdrawn after the declaration of insolvency, and that this was all the law required." On appeal to the Circuit Court, the decree of the Probate Court was assigned as error, and was reversed ; and the judgment of the Circuit Court is now assigned as error in this court.

COULSON & NORWOOD, for appellant.

ROBINSON &, BROWN, with THOS. H. WATTS, *contra*.

STONE, J.—The claim of Shelton's estate, against the estate of Phillips, was filed in the Probate Court, properly verified, after the estate of the latter had been reported insolvent; and, under the construction of the record most favorable to appellee, between that time and the final declaration by the court that the estate was insolvent. This brings the case precisely within the influence of *Levert v. Read*, decided at December term, 1875, and the filing must be adjudged sufficient.

The judgment of the Circuit Court is reversed, and the cause remanded, with directions that that court affirm the judgment of the Probate Court.